PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v*. JUAN RIVERA and José GUTIÉRREZ, Defendants and Appellees.

No. 3952. Argued February 4, 1930.—Decided June 26, 1930.

R. A. *Gómez* for appellant. *González Fagundo & González Jr.* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The original complaint, as incorporated in the record of the appeal taken to the district court, reads in its pertinent part as follows:

"That on March 11, 1929, and at the corner of Comercio and A. Cuadra streets, in Humacao, within the municipal judicial district of Humacao, P. R., the said defendants Juan Rivera and José Gutiérrez, then and there, and in the business establishment of Juan Rivera, located at the corner of Comercio and Atanasio streets, in Humacao, wilfully and unlawfully, had established and were conducting as principals a game of chance on a banking basis by means of a certain contraption or machine (slot machine), which was operated by the defendants for the betting of money and counters representing value."

At the trial of the case in the District Court of Humacao the defendants interposed a demurrer to the complaint on the ground that the facts alleged therein did not constitute a public offense. The court sustained the demurrer and discharged the defendants. The present appeal has been taken by the People from that judgment.

The demurrer was predicated upon the fact that it had not been alleged that any sum had been collected as rake-off (*barato*).

The district court based its ruling sustaining the demurrer on the decision of this court in *People* v. *Domínguez*, 32 P.R.R. 293.

In its argument under the assignment of error made, the appellant reviews the jurisprudence of Puerto Rico bearing on this point and correctly distinguishes the cases of *People* v. *Benítez*, 19 P.R.R. 235; *People* v. *Marcano*, 24 P.R.R. 447, and *People* v. *Domínguez, supra,* from those of *People* v.

*Ortiz,* 19 P.R.R. 1076, and *People* v. *Rivera,* 19 P.R.R. 1084. It quotes the following excerpt from the opinion in *People* v. *Ortiz, supra:*

"The game of monte, to which the present action relates, is one of those expressly enumerated as a banking or percentage game in the California code as well as in our own, and in that sense has been qualified as forbidden. The game of poker is included in the statutory prohibition when conducted under the same condition as any of the banking or percentage games expressly enumerated in section 299 of our Penal Code as originally enacted, and from this section it may be deduced that it was the intention of the Legislature to penalize, in addition to the games mentioned in the said section, any banking or percentage game which might be conducted under the same conditions as those expressly enumerated. The words 'or any banking or percentage game' show this."

Undoubtedly the difference indicated exists between the two groups of cases. In *People* v. *Benítez, supra,* a distinction was made between a game, which is a public offense because of the fact that it is conducted as a profitable business, and a game, which is for private amusement, where the element of profit or immoral exploitation does not enter. Apart from this, the evidence in the case seemed to be sufficient. In *People* v. *Marcano, supra,* and in *People* v. *Domínguez, supra,* the game in question was that called "lotto" or "lottery". The complaint in the former case charged that the defendant conducted the game, and in the latter decision the doctrine was re-affirmed that the allegation that somebody received some gain or profit in the game was necessary.

In *People* v. *Ortiz, supra,* the complaint charged the act of "gaming in violation of section 299 of the Penal Code," and that the defendants were playing the game of chance called "monte" with cards, for percentage and for money, one of the defendants acting as banker and the others betting. On appeal this court, after citing *People* v. *Ramsey et al.,* 8 P.R.R. 112, *People* v. *Ruiz,* 10 P.R.R. 529, and other cases, held that, as the defendants were charged

with playing monte for percentage and for money, one of the players acting as banker and the others betting, the complaint was sufficient, and that the game of monte is specif- ically prohibited as a banking or percentage game. A similar ruling was made in *People* v. *Rivera, supra*.

In none of the above cases does it appear as necessary for the complaint to charge that a rake-off was collected.

We agree with the theory set forth in his brief by the *Fiscal* of this court. He says:

"In the first place, I must submit to this Hon. Court that I entertain the view that any game of lottery, punished by section 291 of our Code, would be prosecuted also as a prohibited game of chance on a banking or percentage basis, although not every prohibited game of chance on a banking or percentage basis could be prosecuted under section 291, because there are many games of the latter class which do not posses the special characteristics of the game of lottery."

The transaction charged constitutes in itself a game of chance on a banking or percentage basis. That is the criminal element in such violations of the law; it might be a lottery, or any other game. But if chance is a constituting element in games on a banking or percentage basis, the transaction falls within the purview of section 299 of the Penal Code, just as it might fall, in a proper case, within that of section 291. Therefore, the decision herein does not conflict with that in *People* v. *Torres*, 40 P.R.R. 241.

The complaint in the present case charges that the defendants "had established and were conducting as principals a banking game of chance" by means of a slot machine where money, or counters representing value, was wagered. This was admitted by the demurrer.

The complaint, as worded, contains all the necessary elements for establishing, with entire clearness, a violation of section 299 of the Penal Code. The decision on the demurrer was erroneous.

The judgment appealed from must be reversed and the case remanded to the court below for further proceedings not inconsistent with this opinion.